**LORI HARPER SUEK**
**JOHN D. SULLIVAN**
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:    (406) 657-6101
FAX:      (406) 657-6989
Email:    Lori.Suek@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
AUG - 8 2017
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 16-82-BLG-SPW |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| ANGELICA JO WHITEMAN, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Lori Harper Suek, Assistant United States Attorney for the District of Montana, and the defendant, Angelica Jo Whiteman, and the defendant's attorneys, Vernon E. Woodward and Cammi J. Woodward, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charge:** The defendant agrees to plead guilty to the indictment, which charges the crime of aiding and abetting first-degree murder. This offense carries mandatory life imprisonment, a $250,000 fine, five years of supervised release, and a $100 special assessment. Restitution is mandatory.

3. **Nature of the Agreement:** This plea agreement will be governed by Rule 11(c)(1) (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States makes the recommendations provided below. The defendant understands that if the Court accepts the agreement, there will not be an automatic right to withdraw the plea if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the indictment. In pleading guilty, the defendant acknowledges that on or about April 17, 2016, near Castle Rock Road, in the State and District of Montana, the defendants, Dimarzio Swade Sanchez and ANGELICA JO WHITEMAN, Indian persons, unlawfully killed R.R., with

AUSA   DEF   ATTY   Date 8-3-17                    Page 2

malice aforethought and premeditation, and aided and abetted the same, in violation of 18 U.S.C. §§ 1153(a), 1111, and 2.

The elements of the offense of aiding and abetting first-degree murder are:

**First**, Dimarzio Swade Sanchez committed the crime of first-degree murder;

**Second**, the defendant intentionally aided and induced Dimarzio Swade Sanchez to commit at least one element of the crime of first degree murder; and

**Third,** the defendant acted before the crime was completed.

**5. Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

AUSA    DEF    ATTY    Date

Page 3

(e)  If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)  At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

| AUSA | DEF | ATTY | Date | |
|---|---|---|---|---|
| *signature* | *signature* | *signature* | 8-3-17 | Page 4 |

(h)   At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i)   If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)   The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)   If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

| AUSA | DEF | ATTY | Date | | Page 5 |
|---|---|---|---|---|---|

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Appeal Waiver:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. Based on the concessions made by the United States in this case, the defendant knowingly waives any right to appeal the sentence and any right to bring any other post-conviction attack on the sentence. The defendant specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking the sentence. This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

9. **Potential Departure for Substantial Assistance**: The defendant maintains that she can provide substantial assistance to the United States that would make her eligible to receive consideration from the prosecution in the form of a substantial assistance departure motion under USSG §5K1.1 and 18 U.S.C. 3553(e) and/or Rule 35, Federal Rules of Criminal Procedure.

*Obligations of the Defendant*: Substantial assistance means, for the purposes of this agreement, that the defendant agrees to provide complete, truthful, forthright, material, important, valuable and meaningful information to the best of her knowledge and belief bearing on the pending indictment against her to the Court, the United States Attorney's Office, or any Federal, State, or local investigative agency, and provide complete, truthful, and forthright testimony if called upon in any proceeding before a Court.

The defendant understands that providing materially false information or withholding material information may result in further criminal action for fraud, false statement, obstruction of justice, or perjury.

*Obligations of the United States*: If the defendant chooses to provide assistance, the prosecution agrees that the information provided will not be used against her in any criminal proceeding, including at her own sentencing. The United States will consider and evaluate the information and testimony provided by the defendant. If the United States concludes that the assistance provided is

substantial, truthful and complete, as required, a departure motion will be made. This agreement does not promise the defendant that a departure motion, or any specific type of motion, will be filed by the United States.

*Acknowledgments*: The defendant acknowledges that if she commits any local, state, or federal crime that diminishes her credibility or effectiveness as a witness, the United States may refuse to file any departure motion even though the defendant may have also provided assistance that is otherwise considered substantial. The defendant acknowledges that no promise has been made and accepts this agreement aware that no such motion will be filed if the United States determines that the information is either untruthful, willfully incomplete, of little value, or insubstantial.

*Recommendations*: If the United States makes a motion for reduction of sentence, the defendant understands that the United States will also make a recommendation to the Court about the extent of the departure. Although the Court is required to impose any applicable statutorily required penalties, the parties understand that the Court is not bound by the recommendations of either party.

10. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that the parties freely and voluntarily endorse this agreement.

AUSA  DEF  ATTY  Date  8-3-17

11. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

12. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition that is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

LEIF M. JOHNSON
Acting United States Attorney

_____
LORI HARPER SUEK
Assistant U. S. Attorney
Date: 8-8-17

_____
ANGELICA JO WHITEMAN
Defendant
Date: 8-3-17

_____
VERNON E. WOODWARD
Defense Counsel
Date: 8-03-2017

_____
CAMMI J. WOODWARD
Defense Counsel
Date: 8-3-17

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
|      |     |      | 8-3-17 |