**LORI HARPER SUEK**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Ave. North, Suite 3200**
**Billings, MT 59101**
Phone:   (406) 657-6101
FAX:     (406) 657-6989
E-Mail: Lori.Suek@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                              Plaintiff,<br><br>vs.<br><br>**ANGELICA JO WHITEMAN,**<br><br>                              Defendant. | **CR 16-82-BLG-SPW**<br><br>**RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |

## INTRODUCTION

The United States will request that the Court impose a sentence of 480 months.   Whiteman will request a sentence of 360 months.   The question before

the Court will be, as it always is, what sentence is sufficient but not greater than necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).   For the following reasons, the United States maintains that a sentence of 480 months is the answer to the Court's question.

## ARGUMENT

Section 3553(a) of Title 18 of the United States Code contains a list of factors courts consider in imposing a sentence.   The list is preceded by what has become known as the parsimony principle, requiring courts to "impose a sentence sufficient, but not greater than necessary, to comply with" four identified purposes – just punishment, deterrence, protection of the public, and rehabilitation.   To meet this requirement, the statute directs courts to take into account the nature and circumstances of the offense and the history and characteristics of the defendant, as well as "the need for the sentence imposed" to meet the four overarching aims of sentencing.   Additionally, the court must consider the kinds of sentences available, the sentencing guidelines and policy statements, unwarranted sentencing disparities, and restitution to the victim.   18 U.S.C. § 3553(a)(1), (3) - (7).

Because each case and defendant are unique, § 3553(a) is not a formula but a guideline.   It requires the Court, in the context of the circumstances of the crime and the characteristics of the defendant, to determine how best to comply with the

parsimony principle. And, because of the uniqueness of each case and defendant, the four principles of sentencing are never weighted equally. This case is no exception.

Considering just the history and characteristics of Whiteman, it is hard for the United States to articulate why a 480-month sentence is necessary to deter, protect the public from, or rehabilitate Whiteman. She comes to the Court with virtually no criminal history. She has no history of violence. She certainly has substance abuse and mental health issues, but quite frankly, nothing out of the ordinary for the run of the mill defendant that this Court sees on a regular basis convicted of violent and drug offenses. There was nothing in Whiteman's background or criminal history that would have predicted this crime.

This crime, its circumstances and result, however, cannot take a back seat to any other factor, even defendant-specific factors that the Court must consider. Rather, every other factor must take a back seat to the requirement for just punishment that this crime demands. When considering just punishment for Whiteman for her role in this crime, there is one glaring undisputable truth: this crime would not have occurred but for her conduct. In the end, the United States did not prove that Whiteman doused R.R. with gasoline or threw the match, which caused R.R.'s death. But Whiteman tipped the first domino when she snapped

and attacked R.R.

Disparity is also a factor highlighted by this case.   Dimarzio Sanchez will be sentenced to mandatory life for murdering R.R.   It is that starting point that the United States considers in deciding what is the sufficient but not greater than necessary sentence for Whiteman.   Although the United States believes Whiteman is less culpable, it is impossible to not again emphasize that this crime would not have occurred but for Whiteman.   Consequently, the justification for a 480-month sentence is two-fold.   It is a sentence that arguably provides just punishment, if there is an ability to provide just punishment for this crime.   And, when considering the two sentences that the parties have presented to the Court, it best avoids sentencing disparity between these two co-defendants.

For her role in the murder of R.R., the United States requests that the Court impose a sentence of 480 months.

DATED this 17 day of December, 2018.

                KURT G. ALME
                United States Attorney

                */s/ Lori Harper Suek*
                LORI HARPER SUEK
                Assistant U.S. Attorney